UNITED STATES, Appellee

v

BROOKS T. BROWN, Seaman, U. S. Navy, Appellant

8 USCMA 591, 25 CMR 95

No. 10,613

Decided January 10, 1958

Lieutenant (jg) W. W. McNeilly, Jr., USNR, was on the brief for Appellant, Accused.

Commander Craig McKee, USN, and Lieutenant Colonel Charles H. Beale, Jr., USMC, were on the brief for Appellee, United States.

Opinion of the Court

HOMER FERGUSON, Judge:

The accused in this case was charged with desertion under Article 85, Uniform Code of Military Justice, 10 USC § 885. He pleaded not guilty as charged but guilty to the lesser offense of absence without leave under Article 86 of the Code, supra, 10 USC § 886. On the question of intent to remain away permanently necessary to a conviction of desertion, the law officer instructed the court as follows:

"The court is further advised that if the condition of the accused's absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be justified in inferring from that alone the intent to remain absent permanently. It is a question of fact solely within the province of the court to determine whether the condition of the accused's absence is much prolonged. It is also a question solely within the province of the court to determine whether there has been a

591

satisfactory explanation of the accused's absence."

A similar instruction was held by this Court to be both erroneous and prejudicial in the case of United States v Cothern, 8 USCMA 158, 23 CMR 382. See also United States v Soccio, 8 USCMA 477, 24 CMR 287. For the reasons set forth in those decisions, the conviction of desertion is reversed and the record is returned to The Judge Advocate General of the Navy for reference to a board of review. The board,

in its discretion, may affirm the lesser offense of absence without leave and reassess the sentence or it may order a rehearing on the desertion charge.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result for the reasons expressed in my separate opinion in United States v Sumrel, 8 USCMA 399, 24 CMR 209.